## ARKANSAS STATE HIGHWAY COMMISSION v. AMERICAN TELEVISION COMPANY

5-5642                                              472 S.W. 2d 103

Opinion delivered November 1, 1971

*Thomas B. Keys* and *Hubert Graves*, for appellant.

*Bethell, Callaway, King & Robertson*, for appellee.

GEORGE ROSE SMITH, Justice. The appellant highway department acquired by warranty deed a tract of land upon which the appellee, an outdoor advertising company, was maintaining signs under the authority of a lease executed by the highway department's grantor. The highway department intends to construct curbs, gutters, and storm sewers on the property. The department, having succeeded to the lessor's interest in the property, brought this suit to compel the appellee to remove the signs, under this provision in the lease:

> In the event said property is to be improved by the erection thereon of a permanent building this agreement may be cancelled by refunding to the Lessee all unearned prepaid rental and giving 60 days written notice to the Lessee of the intention to erect said permanent building; Provided, however, that if the proposed improvement has not been commenced at the expiration of the said 60 days notice, the period shall be continued and the Lessee shall

be required to vacate said premises in sufficient time so as not to obstruct building operations; in the event the proposed building is not erected as planned, this agreement shall continue in force for the term (or renewal thereof) herein specified.

Upon the undisputed proof, in the form of answers to the appellee's interrogatories, the chancellor correctly entered a summary judgment for the appellee. The department admits that it does not intend to erect a permanent building on the property. The department contends, however, that the quoted paragraph in the lease also refers to a "proposed improvement," and that curbs, gutters, and storm sewers are improvements. Such an interpretation, in our opinion, would do violence to the language of the lease. The reference to a proposed improvement appears in a subordinate proviso and clearly refers back to the "permanent building" that is mentioned twice in the opening clause of the paragraph. Hence the words "proposed improvement" cannot fairly be taken to mean anything except a permanent building. The department admittedly does not have any such structure in mind.

Affirmed.